# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕱𝖎𝖋𝖙𝖍 𝕮𝖎𝖗𝖈𝖚𝖎𝖙

———————

EDGAR GARCES ROBLES; RAMIRO SOTO ALTAMIRANO;
JUAN JOSE SOTO HERNANDEZ; RODOLFO RUIZ DE LA CRUZ
*Plaintiffs - Appellees,*

V.

JOE FRANK MARTINEZ, IN HIS INDIVIDUAL CAPACITY; MARIA
RAMIREZ, IN HER INDIVIDUAL CAPACITY; JOHN CIRONE, IN HIS
INDIVIDUAL CAPACITY; FELIPE GONZALEZ, IN HIS INDIVIDUAL
CAPACITY; RONNY TAYLOR, IN HIS INDIVIDUAL CAPACITY; BRAD
COE, IN HIS INDIVIDUAL CAPACITY; RICARDO ALVARADO, IN HIS
INDIVIDUAL CAPACITY, ALSO KNOWN AS RICK ALVARADO,
*Defendants – Appellants.*

———————

*On Appeal from United States District Court
for the Western District of Texas, Austin Division
(Cause No. 1:23-cv-00981)
The Honorable Robert Pitman, Presiding*

---

## APPELLANTS BRAD COE, RICARDO ALVARADO, AND JOE FRANK MARTINEZ'S BRIEF

---

## ORAL ARGUMENT REQUESTED

Scott Michael Tschirhart
State Bar No. 24013655
BOJORQUEZ LAW FIRM, PC
11675 Jollyville Road, Suite 300
Austin, Texas 78759
(512) 250-0411 (Office)
(512) 250-0749 (Fax)

scott@texasmunicipallawyers.com

*Counsel for Appellants Brad Coe, Ricardo Alvarado and Joe Frank Martinez*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Ramiro Altamirano | Ainsley McMahon of Covington & Burling, L.L.P. New York, NY |
| Ramiro Altamirano | Celin Carlo-Gonzalez of Covington & Burling, L.L.P. San Francisco, CA |
| Ramiro Altamirano | Darren Teshima of Covington & Burling, L.L.P. San Francisco, CA |
| Ramiro Altamirano | David Donatti of American Civil Liberties Union of Texas Houston, TX |
| Ramiro Altamirano | Stanley Young of Covington & Burling, L.L.P. Palo Alto, CA |
| Ramiro Altamirano | Miranda Rutherford of Covington & Burling, L.L.P. Palo Alto, CA |
| Ramiro Altamirano | Jess Gonzalez Valenzuela of Covington & Burling, L.L.P. Palo Alto, CA |
| Ramiro Altamirano | Adriana Pinon of American Civil Liberties Union of Texas Houston, TX |
| Ramiro Altamirano | Ashley Harris of American Civil Liberties Union of Texas Houston, TX |

| | |
|---|---|
| Rodolfo De La Cruz | Ainsley McMahon of Covington & Burling, L.L.P. New York, NY |
| Rodolfo De La Cruz | Celin Carlo-Gonzalez of Covington & Burling, L.L.P. San Francisco, CA |
| Rodolfo De La Cruz | Darren Teshima of Covington & Burling, L.L.P. San Francisco, CA |
| Rodolfo De La Cruz | David Donatti of American Civil Liberties Union of Texas Houston, TX |
| Rodolfo De La Cruz | Stanley Young of Covington & Burling, L.L.P. Palo Alto, CA |
| Rodolfo De La Cruz | Miranda Rutherford of Covington & Burling, L.L.P. Palo Alto, CA |
| Rodolfo De La Cruz | Jess Gonzalez Valenzuela of Covington & Burling, L.L.P. Palo Alto, CA |
| Rodolfo De La Cruz | Adriana Pinon of American Civil Liberties Union of Texas Houston, TX |
| Rodolfo De La Cruz | Ashley Harris of American Civil Liberties Union of Texas Houston, TX |
| Juan Hernandez | Ainsley McMahon of Covington & Burling, L.L.P. New York, NY |
| Juan Hernandez | Celin Carlo-Gonzalez of Covington & Burling, L.L.P. San Francisco, CA |
| Juan Hernandez | Darren Teshima of Covington & Burling, L.L.P. San Francisco, CA |
| Juan Hernandez | David Donatti of American Civil Liberties Union of Texas Houston, TX |
| Juan Hernandez | Stanley Young of Covington & Burling, L.L.P. Palo Alto, CA |

| Juan Hernandez | Miranda Rutherford of Covington & Burling, L.L.P. Palo Alto, CA |
|---|---|
| Juan Hernandez | Jess Gonzalez Valenzuela of Covington & Burling, L.L.P. Palo Alto, CA |
| Juan Hernandez | Adriana Pinon of American Civil Liberties Union of Texas Houston, TX |
| Juan Hernandez | Ashley Harris of American Civil Liberties Union of Texas Houston, TX |
| Edgar Robles | Ainsley McMahon of Covington & Burling, L.L.P. New York, NY |
| Edgar Robles | Celin Carlo-Gonzalez of Covington & Burling, L.L.P. San Francisco, CA |
| Edgar Robles | Darren Teshima of Covington & Burling, L.L.P. San Francisco, CA |
| Edgar Robles | David Donatti of American Civil Liberties Union of Texas Houston, TX |
| Edgar Robles | Stanley Young of Covington & Burling, L.L.P. Palo Alto, CA |
| Edgar Robles | Miranda Rutherford of Covington & Burling, L.L.P. Palo Alto, CA |
| Edgar Robles | Jess Gonzalez Valenzuela of Covington & Burling, L.L.P. Palo Alto, CA |
| Edgar Robles | Adriana Pinon of American Civil Liberties Union of Texas Houston, TX |
| Edgar Robles | Ashley Harris of American Civil Liberties Union of Texas Houston, TX |

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Ricardo Alvarado | Scott Tschirhart of Bojorquez Law Firm, P.C. Austin, TX |
| John Cirone | Marlayna Ellis of Office of the Attorney General of Texas Austin, TX |
| Brad Coe | Scott Tschirhart of Bojorquez Law Firm, P.C. Austin, TX |
| Felipe Gonzalez | Marlayna Ellis of Office of the Attorney General of Texas Austin, TX |
| Joe Martinez | Scott Tschirhart of Bojorquez Law Firm, P.C. Austin, TX |
| Maria Ramirez | Marlayna Ellis of Office of the Attorney General of Texas Austin, TX |
| Ronny Taylor | Marlayna Ellis of Office of the Attorney General of Texas Austin, TX |

Respectfully submitted,

*/s/Scott Michael Tschirhart*
SCOTT MICHAEL TSCHIRHART
*Attorney of Record for Appellants*
*Brad Coe, Ricardo Alvarado,*
*and Joe Frank Martinez*

# STATEMENT REGARDING ORAL ARGUMENT

Appellants respectfully request oral argument. This appeal raises significant issues of statutory interpretation and proper application of case law. Appellants respectfully submit that oral argument will significantly aid the Court's adjudication of this case.

# TABLE OF CONTENTS

Contents                                                                 Page(s)

CERTIFICATE OF INTERESTED PARTIES ....................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................................... vii

TABLE OF CONTENTS...................................................................................... viii

TABLE OF AUTHORITIES ...................................................................................x

JURISDICTIONAL STATEMENT .........................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................2

STATEMENT OF THE CASE................................................................................3

       FACTUAL BACKGROUND.......................................................................4

       PROCEDURAL BACKGROUND ..............................................................8

STANDARD OF REVIEW ....................................................................................9

SUMMARY OF THE ARGUMENT ....................................................................10

THE ARGUMENT ...............................................................................................11

       1. The trial court erred when it denied Defendants' Motion to Dismiss
       Plaintiffs' claims against Kinney County Clerk Ricardo Alvarado
       based on judicial immunity and/or qualified immunity. …. ........................11

       2. The trial court erred when it denied Defendants' Motion to Dismiss
       Plaintiffs' claims against Kinney County Sheriff Brad Coe based on
       qualified immunity............................................................................................17

       3. The trial court erred when it denied Defendants' Motion to Dismiss
       Plaintiff's claims against Val Verde County Sheriff Joe Frank Martinez
       based on qualified immunity...........................................................................24

CONCLUSION & PRAYER ....................................................................................28

CERTIFICATE OF SERVICE ..............................................................................30

CERTIFICATE OF COMPLIANCE.......................................................................32

**Cases**

*Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011)) ........................................................................... 15

*Ashcroft v. Iqbal,* 556 U.S. 662, 675, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009) ........................ 1,10,15,16,17,21,23,24,27,28

*Barr v. Matteo*, 360 U.S. 564, 569, 79 S. Ct. 1335, 1338, 3 L. Ed. 2d 1434 (1959) ................................................................................ 10,11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................................................................................................ 17

*Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ....................................... 13

*Crittindon v. LeBlanc*, 37 F.4th 177, 188 (5th Cir. 2022), cert. denied, 144 S. Ct. 90, 217 L. Ed. 2d 21 (2023) .............................................. 20,25

*Daves v. Dallas Cnty., Texas*, 22 F.4th 522 (5th Cir. 2022) .................................... 19

*Daves v. Dallas Cnty., Texas*, 64 F.4th 616 (5th Cir. 2023) .................................... 19

*Evans v. Suter*, 260 F. App'x 726, 727 (5th Cir. 2007) .................................. 11,12,13

*Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) ...... 14

*James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) .................. 22,23,26

*Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ........................ 15

*Luck v. Rovenstine*, 168 F.3d 323, 327 (7th Cir. 1999) ................................ 21,22,26

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) ...................................... 10

*Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ...... 11

*Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817,
86 L. Ed. 2d 411 (1985) .........................................................................1

*Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir.1979), cert. denied,
445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980)) ........................12

*Mullis v. United States Bankr. Court for Dist. of Nevada*,
828 F.2d 1385, 1390 (9th Cir.1987) .................................................11,12

*O'Donnell v. Harris Cnty.*, 892 F.3d 147, 156 (5th Cir. 2018)...............19

*Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) .......................23,26,27

*Ramirez v. Guadarrama*, 844 F. App'x 710, 713 (5th Cir. 2021)...........10

*Regan v. Upper Darby Twp.*, 363 F. App'x 917, 924 (3d Cir. 2010) .....20

*Rodriguez v. Broward Sheriff's Off.*, No. 06-13171, 2007 WL 1222564, at *4 (11th
Cir. Apr. 26, 2007) .........................................................................20,25

*Russell v. Richardson*, 905 F.3d 239, 246 (3d Cir. 2018).........................1

*Severin v. Parish of Jefferson,* 357 F. App'x. 601, 605 (5th Cir. 2009) .............13,14

*Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) ........................13

*Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir.1981) ..............................13

*Vann v. Mazzant*, No. 3:21-CV-1848-L-BK, 2021 WL 6098779, at *3
(N.D. Tex. Nov. 24, 2021), report and recommendation adopted
as modified, No. 3:21-CV-1848-L-BK, 2021 WL 6072802
(N.D. Tex. Dec. 23, 2021) ......................................................................12

*Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975)............................13

*Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968) cert. denied, 396 U.S. 901, 90
S.Ct. 210, 24 L.Ed.2d 177 (1969)........................................................20,25

*Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980)........................13,14

*Willis v. U.S. Corr. Corp.*, 77 F.3d 483 (6th Cir. 1996) .........................................20

*Wood v. Moss*, 572 U.S. 744, 757, 134 S. Ct. 2056, 2066–67, 188 L. Ed. 2d 1039 (2014) ...................................................................................................15,17,24,28

**Statutes**

Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18 ..........................................................19

Tex. Loc. Gov't Code § 351.041(a) ......................................................................19

**TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:**

NOW COME Appellants Kinney County Clerk Ricardo Alvarado (Clerk Alvarado), Kinney County Sheriff Brad Coe (Sheriff Coe) and Val Verde County Sheriff Joe Frank Martinez (Sheriff Martinez) and file this their Appellants' Brief. Appellants respectfully request that this Court reverse and render the trial court's ruling denying Appellants' Motions to Dismiss Plaintiffs' Complaint.

## JURISDICTIONAL STATEMENT

This is an appeal from the district court's denial of motions to dismiss based on governmental officials asserting qualified and judicial immunity.

This Court has subject matter jurisdiction under the collateral order rule. "[A] district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a 'final decision' within the meaning of [28 U.S.C.] § 1291." *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 129 S. Ct. 1937, 1946, 173 L. Ed. 2d 868 (2009); *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985). The collateral order doctrine also provides jurisdiction to review a denial of quasi-judicial immunity if it turns on an issue of law. *See Russell v. Richardson*, 905 F.3d 239, 246 (3d Cir. 2018).

On June 25, 2024 the district court issued an order denying Defendants' Motions to Dismiss, and denying Appellants Brad Coe, Ricardo Alvarado, and Joe

Frank Martinez's individual assertions of qualified immunity and/or judicial immunity. ROA.680-711.

Appellants filed timely notices of appeal. ROA. 712-718. ROA.719-725.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**Issue One:** Did the trial court err when it denied Appellant Ricardo Alvarado's Motion to Dismiss?

**Issue Two:** Did the trial court err when it denied Appellant Brad Coe's Motion to Dismiss?

**Issue Three:** Did the trial court err when it denied Appellant Joe Frank Martinez's Motion to Dismiss?

## STATEMENT OF THE CASE

This is an appeal of an *ORDER* issued by the Honorable Judge Robert Pitman on June 25, 2024. ROA.680-711. This Order denies *Defendants Kinney County's Motion to Dismiss.* ROA.155-175. This Order also denies *Defendants Val Verde County's Motion to Dismiss*. ROA.197-215.

Plaintiffs are illegal aliens who were arrested by Texas State Troopers in Kinney and Val Verde Counties for violating the Texas criminal trespass statute as a part of the Operation Lone Star program. ROA.33-34.

*Plaintiffs' Complaint* alleges that Defendants violated Appellees' constitutional rights to due process under the Fourth and Fourteenth Amendment and constitutional right to freedom from unreasonable seizure when they caused Plaintiffs to be over-detained. ROA.23, 24, 38, 42-43, 45-50, 53, 54, 55-57.

Kinney County, Sheriff Coe, and County Clerk Alvarado filed their Motion to Dismiss on September 14, 2023, asserting that Plaintiffs-Appellees' claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). ROA.155-175. Sheriff Coe and County Clerk Alvarado asserted their entitlement to qualified immunity. Additionally, County Clerk Alvarado asserted his entitlement to judicial immunity.

Val Verde County and Sheriff Martinez filed their Motion to Dismiss on September 22, 2023, asserting that that Plaintiffs-Appellees' claims should be

dismissed pursuant to Rules 12(b)(1) and 12(b)(6). ROA.197-215. Sheriff Martinez asserted his entitlement to qualified immunity.

On June 25, 2023, the district court issued an Order denying all of Defendants' Motions to Dismiss. ROA.680-711.

Appellants Ricardo Alvarado, Brad Coe, and Joe Frank Martinez respectfully request that the Court reverse and render the trial court's denial of Defendants' Motions to Dismiss.

## FACTUAL BACKGROUND

### Kinney County Sheriff Brad Coe and Clerk Ricardo Alvarado

*Plaintiff's Complaint* alleges that Rodolfo Ruiz de la Cruz was arrested for misdemeanor trespass in Kinney County on September 24, 2021. ROA.26.

Mr. Ruiz de la Cruz was detained at the Val Verde Temporary Processing Center ("VVTPC") until he was seen by a magistrate who determined that there was probable cause for his arrest and bond was set at $2,500.00. ROA.26-27

He was then taken to the Briscoe Prison in Dilley, Texas and later to the Segovia Prison in Edinburgh, Texas. ROA.27.

Mr. Ruiz de la Cruz was taken before a judge 110 days after his arrest. ROA.27.

Mr. Ruiz de la Cruz alleges that on January 12, 2022, he was promised immediate release in exchange for pleading no contest to the misdemeanor trespass

charge. ROA.27. However, *Plaintiffs' Complaint* does not allege who made this promise to him.

He claims that he received a sentence of 80 days incarceration and credit for time served but was not released until at least 13 days later, on January 25, 2022. ROA.27.

Mr. Ruiz de la Cruz was then transported to a federal immigration facility. ROA.27.

*Plaintiffs' Complaint* alleges Kinney County Clerk Ricardo Alvarado was responsible for processing the plea agreements and Court Orders for release of Kinney County arrestees from Briscoe Prison or Segovia Prison. They claim Clerk Alvarado had a policy or custom of delaying the stamping and processing of court documents, with the result of delaying the release of Operation Lone Star ("OLS") detainees. Plaintiffs-Appellees claim these alleged practices caused Appellee Ruiz de la Cruz's over-detention. ROA.46-50, at paragraphs 101, 102, 103, 105, 106, 107, 111, 112, 125, 126, 128.

*Plaintiffs' Complaint* alleges that as the Sheriff Brad Coe was responsible for the policies and procedures leading to Plaintiff Ruiz de la Cruz's over-detention and retained authority over when Kinney County arrestees are released from detention, even in the Briscoe Prison or Segovia Prison. They claim Sheriff Coe had a policy or custom of delaying the release of OLS detainees until they could be transferred to

VVTPC and/or U.S. Customs and Border Patrol custody for deportation. They claim Sheriff Coe had knowledge that Clerk Alvarado's delays in processing court paperwork caused over-detention, yet Sheriff Coe did not adjust his policies or practices to avoid over-detention of OLS detainees. Plaintiffs-Appellees claim these alleged practices caused Appellee Ruiz de la Cruz's over-detention. ROA.45-50, at paragraphs 98, 99, 102, 104, 105, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 120, 122, 123, 128.

However, *Plaintiff's Complaint* does not contain factual allegations plausibly showing that Sheriff Coe or County Clerk Alvarado were personally involved in acts or omissions that resulted in Appellee Ruiz del la Cruz's alleged constitutional deprivation. Moreover, *Plaintiffs' Complaint* does not contain factual allegations plausibly showing that these alleged policies were followed or had anything to do with Appellee Ruiz de la Cruz's alleged over-detention.

**Val Verde County Sheriff Joe Frank Martinez**

After illegally crossing the border into the United States and Texas, Plaintiffs-Appellees Edgar Garces Robles, Ramiro Soto Altamirano, and Juan Jose Soto Hernandez were arrested in Val Verde County by State Troopers on misdemeanor trespass charges.

*Plaintiffs' Complaint* allege that Edgar Garces Robles was arrested for trespassing in Val Verde County on September 30, 2021. ROA.25, at paragraph 9.

He was detained and magistrated at the Val Verde Temporary Processing Center and bail was set. ROA.25, at paragraph 9. He was then transported to "a state prison in Dilley, Texas, the Dolph Briscoe Unit". ROA.25, at paragraph 9. Charges against Garces Robles were dismissed on January 10, 2022. ROA.25, at paragraph 9 and ROA.38-39, at paragraph 62. Garces Robles was transported back to the Val Verde County Temporary Processing Center and then released to federal immigration authorities 19 days later on January 29, 2022. ROA.25, at paragraph 9. ROA.36-37, at paragraph 49. ROA.39, at paragraphs 64, 68.

*Plaintiffs' Complaint* alleges that Ramiro Soto Altamirano and Juan Jose Soto Hernandez were arrested on August 30, 2021. ROA.25-26, at paragraphs 10, 11. They were detained and magistrated at the Val Verde Temporary Processing Center and bail was set. ROA.25-26, at paragraphs 10, 11. They were then transported to the Briscoe Unit. ROA.25-26, at paragraphs 10, 11. The Val Verde County Attorney declined to prosecute Soto Altamirano and Soto Hernandez on September 14, 2021, and the County Attorney notified the Val Verde Temporary Processing Center. ROA.25-26, at paragraphs 10, 11. ROA.40-41, at paragraphs 70, 75. Soto Altamirano and Soto Hernandez were transported back to the Val Verde County Temporary Processing Center and were then released to federal immigration authorities 42 days later on October 26, 2021. ROA.25-26, at paragraphs 10, 11. ROA.36-37, at paragraph 49 ROA.40-41, at paragraphs 70, 77.

At issue is the role which Sheriff Joe Frank Martinez played in Appellees Edgar Garces Robles, Ramiro Soto Altamirano, and Juan Jose Soto Hernandez's alleged over-detention.

However, *Plaintiff's Complaint* does not contain factual allegations plausibly showing that Sheriff Martinez was personally involved in acts or omissions that resulted in Appellees Edgar Garces Robles, Ramiro Soto Altamirano, and Juan Jose Soto Hernandez's alleged constitutional deprivation. Moreover, *Plaintiffs' Complaint* does not contain factual allegations plausibly showing that any of Sheriff Martinez's alleged policies were followed or had anything to do with Appellees Edgar Garces Robles, Ramiro Soto Altamirano, and Juan Jose Soto Hernandez's alleged over-detention.

## PROCEDURAL BACKGROUND

**Kinney County Sheriff Brad Coe and Clerk Ricardo Alvarado**

*Plaintiff's Complaint* was filed on August 21, 2023, and was the live pleading at the time Appellants moved to dismiss. ROA.22-63.

On September 14, 2023, Appellants Brad Coe, and Ricardo Alvarado filed their *Motion to Dismiss*. ROA.155-175.

After being granted an extension to respond, on October 13, 2023, Plaintiffs filed their *Opposition to the Kinney County and Val Verde County Defendants' Motions to Dismiss Plaintiffs' Complaint.* ROA.243-269.

On November 3, 2023, Appellants filed *Defendants Brad Coe, Ricardo Alvarado, and Kinney County's Reply to Plaintiffs' Response to Motion to Dismiss.* ROA.341-348.

**Sheriff Joe Frank Martinez**

On September 22, 2023, Appellant Joe Frank Martinez filed his *Motion to Dismiss.* ROA.197-215.

After being granted an extension to respond, on October 13, 2023, Plaintiffs filed their *Opposition to the Kinney County and Val Verde County Defendants' Motions to Dismiss Plaintiffs' Complaint.* ROA.243-269.

On November 3, 2023, Appellants also filed *Defendants Joe Frank Martinez and Val Verde County's Reply to Plaintiff's Response to Motion to Dismiss.* ROA.349-357.

On June 25, 2024, the trial court issued an *Order* denying Defendants' Motions to Dismiss. ROA.680-711.

Appellants Brad Coe and Ricardo Alvarado timely appealed on July 18, 2024. ROA.712-718. Appellant Joe Frank Martinez also timely appealed on July 18, 2024. ROA.719-725.

## STANDARD OF REVIEW

Appellate review of a district court's decision on a motion to dismiss is *de novo*. *See McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017).

Appellate review of a district court's order denying the assertion of judicial immunity is de novo. *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Appellate review of a district court's order denying qualified immunity is *de novo*. *See Marie Ramirez v. Guadarrama*, 844 F. App'x 710, 713 (5th Cir. 2021).

## SUMMARY OF THE ARGUMENT

The trial court erred when it denied Defendants' Motion to Dismiss because *Plaintiff's Complaint* alleges causes of action against each Defendant-Appellant in their individual capacity but fails to plead factual allegations to plausibly show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009)(emphasis added).

Defendant-Appellant Ricardo Alvarado, acting in his capacity as a court clerk, performed his duties pursuant to the county court's direction and his actions in filing the release paperwork are tasks integral to the judicial process and he is entitled to judicial/quasi-judicial immunity. *See Barr v. Matteo*, 360 U.S. 564, 569, 79 S. Ct. 1335, 1338, 3 L. Ed. 2d 1434 (1959).

This Court should reverse and render as Appellees have not plead facts that plausibly circumvent Appellants' entitlement to qualified and/or judicial immunity.

**THE ARGUMENT**

**1.     The trial court erred when it denied Defendants' Motion to Dismiss Plaintiffs' claims against Kinney County Clerk Ricardo Alvarado based on judicial immunity and/or qualified immunity.**

Plaintiffs-Appellees claim that Kinney County Clerk Ricardo Alvarado violated Plaintiff Rodolfo Ruiz de la Cruz's due process rights under the 14th Amendment. ROA.22-63, at paragraphs 150-155.

**Judicial/Quasi-Judicial Immunity.**

The Supreme Court has opined on the scope of judicial immunity for officers whose duties are related to the judicial process.

> This Court early held that judges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed, *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646, and that a like immunity extends to other officers of government whose duties are related to the judicial process.

*Barr v. Matteo*, 360 U.S. 564, 569, 79 S. Ct. 1335, 1338, 3 L. Ed. 2d 1434 (1959).

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991).

"Clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process." *Evans v. Suter*, 260 F. App'x 726, 727 (5th Cir. 2007)(citing *Mullis v. United States Bankr. Court*

*for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir.1987); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir.1979), cert. denied, 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980)).

> [A] clerk's consideration of documents for filing is also an integral part of the judicial process, so quasi-judicial immunity likewise applies to any assertion that the Fifth Circuit Clerks erred in refusing to accept Vann's submissions for filing. *See, e.g., Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (filing of documents by clerk is integral part of judicial process and protected by judicial immunity); *Mullis*, 828 F.2d at 1390 (bankruptcy clerks entitled to judicial immunity for refusing to accept amended petitions); *Robben v. California Supreme Court*, No. 2:16-cv-3023 KJM AC P, 2018 WL 4502486, at *2 (E.D. Cal. Sept. 20, 2018), rec. accepted 2018 WL 11229487 (E.D. Cal. Oct. 31, 2018) ("As the individuals through whom filing is done, court clerks have quasi-judicial immunity for refusing to file documents.") (citations omitted); *Evans v. Suter*, Civ. Action No. H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007), aff'd, 260 F. App'x 726 (5th Cir. 2007) ("When a clerk of court files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within his professional functions.").

*Vann v. Mazzant*, No. 3:21-CV-1848-L-BK, 2021 WL 6098779, at *3 (N.D. Tex. Nov. 24, 2021), report and recommendation adopted as modified, No. 3:21-CV-1848-L-BK, 2021 WL 6072802 (N.D. Tex. Dec. 23, 2021).

> "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390. When a clerk of court files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within his professional functions. *Mullis*, 828 F.2d at 1390; *Harris*, 3 F. App'x at 366.

*Evans v. Suter*, No. CIV.A. H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007), aff'd, 260 F. App'x 726 (5th Cir. 2007); *see also Severin v. Parish of Jefferson,* 357 F. App'x. 601, 605 (5th Cir. 2009) (granting absolute immunity to "employees of the Louisiana Fifth Circuit Court of Appeal who acted pursuant to the procedures allegedly implemented by the judges")*; Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)("Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'") *(quoting Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir.1981)); *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980)(holding that clerks of court enjoy absolute quasi-judicial immunity when "performing a discretionary act or ... a ministerial function at the direction of the judge.")(quoting *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (filing of documents by clerk is integral part of judicial process and protected by judicial immunity).

*Plaintiffs' Complaint* alleges "[a]fter an individual has pled guilty, Defendant Alvarado is responsible for finalizing plea paperwork by stamping it, filing it for the record, and returning it to the Kinney County Court for transmission to Defendant Coe." ROA.46, at paragraph 101. "Defendant Alvarado receives plea paperwork from the presiding court." ROA.46, at paragraph 103. "Plea paperwork contains an individual's sentence and the information necessary for the individual's sentence

and date of release to be calculated." ROA.46, at paragraph 102. "In Mr. Ruiz de la Cruz's case, Defendant Alvarado stamped the time served plea paperwork and filed it for the record 14 days after the plea was entered." ROA.46, at paragraph 107.

These factual allegations show that County Clerk Alvarado's actions were undertaken as an arm of the Court and were an integral part of the judicial process and were therefore protected by judicial immunity. "A court employee who acts under the explicit instructions of a judge 'acts as the arm of the judge and comes within his absolute immunity,' even if the employee acts 'in bad faith or with malice.'" *Severin v. Par. of Jefferson*, 357 F. App'x 601, 605 (5th Cir. 2009)(quoting *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir.1980)); *see also Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)(It is "the nature of the function performed, not the identity of the actor who performed it," that determines whether an individual is entitled to immunity.).

The Court should reverse and render the trial court's order denying Defendants' Motion to Dismiss because Appellant County Clerk Alvarado's actions are protected by judicial or quasi-judicial immunity.

**Qualified Immunity.**

Even if the Court finds that Kinney County Clerk Alvarado is not entitled to judicial or quasi-judicial immunity, the Court should find that County Clerk Alvarado is entitled to qualified immunity because *Plaintiffs' Complaint* does not

contain sufficient factual allegations to demonstrate that County Clerk Alvarado, through his own actions, violated Plaintiff Ruiz de la Cruz's constitutional rights.

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Plaintiff's pleadings must "establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012).

The doctrine of qualified immunity protects government officials from liability for civil damages "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757, 134 S. Ct. 2056, 2066–67, 188 L. Ed. 2d 1039 (2014)(quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011)).

*Plaintiffs' Complaint* alleges that "[i]n Mr. Ruiz de la Cruz's case, Defendant Alvarado stamped the time served plea paperwork and filed it for the record 14 days after the plea was entered." ROA.46, at paragraph 107.

However, *Plaintiffs' Complaint* is devoid of factual allegations to show **when** County Clerk Alvarado allegedly received the paperwork from the presiding court

or whether he received any such paperwork at all. *Plaintiffs' Complaint* does not contain any factual allegations about what *caused* the alleged delay in Ruiz de la Cruz's release.

*Plaintiffs' Complaint* alleges that County Clerk Alvarado has a policy of delaying stamping plea paperwork and filing it to the record. ROA.46, at paragraph 105.

However, *Plaintiffs' Complaint* is devoid of factual allegations to show that County Clerk Alvarado received and then delayed stamping or filing Plaintiff Ruiz de la Cruz's paperwork.

In short, *Plaintiffs' Complaint* does not contain sufficient factual allegations to show that County Clerk Alvarado was personally involved in the alleged deprivation or that County Clerk Alvarado committed any wrongful actions that were causally related to the alleged deprivation.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. **Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief**.'" *Id*., at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(emphasis added)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Plaintiffs' Complaint* falls far short of the plausibility standard in *Ashcroft* and *Twombly*. *Plaintiffs' Complaint* pleads facts that are merely consistent with County Clerk Alvarado's liability, and "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* *Plaintiffs' Complaint* does not contain sufficient factual allegations to demonstrate that County Clerk Alvarado, through his own actions, violated Plaintiff Ruiz de la Cruz's Constitutional rights. *See Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948.

Without sufficient factual allegations to show that County Clerk Alvarado plausibly violated a statutory or constitutional right, County Clerk Alvarado is entitled to qualified immunity. *See Wood v. Moss*, 572 U.S. 744, 757, 134 S. Ct. 2056, 2066–67, 188 L. Ed. 2d 1039 (2014).

The Court should reverse and render because *Plaintiffs' Complaint* does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and County Clerk Alvarado is entitled to qualified immunity.

**2.    The trial court erred when it denied Defendants' Motion to Dismiss Plaintiffs' claims against Kinney County Sheriff Brad Coe based on qualified immunity.**

*Plaintiffs' Complaint* does not contain sufficient factual allegations to demonstrate that Kinney County Sheriff Brad Coe, through his own actions, violated Plaintiff Ruiz de la Cruz's constitutional rights, and therefore Sheriff Coe is entitled to qualified immunity.

*Plaintiffs' Complaint* alleges that:

101. After an individual has pled guilty, Defendant Alvarado is responsible for finalizing plea paperwork by stamping it, filing it for the record, and returning it to the Kinney County Court for transmission to Defendant Coe.

102. Plea paperwork contains an individual's sentence and the information necessary for the individual's sentence and date of release to be calculated.

103. Defendant Alvarado receives plea paperwork from the presiding court.

104. Defendant Coe decides whether a person should be released upon receipt of paperwork in the person's case that has been stamped as final by the Clerk and transmitted to him by the Court.

ROA.46, at paragraphs 101-104. Then *Plaintiffs' Complaint* alleges that:

107. In Mr. Ruiz de la Cruz's case, Defendant Alvarado stamped the time served plea paperwork and filed it for the record 14 days after the plea was entered.

ROA.46, at paragraph 107. These allegations do not plausibly demonstrate that Sheriff Coe could possibly be responsible for Mr. Ruiz de la Cruz's alleged 13-day over-detention [ROA.47, at paragraph 112; ROA.49, at paragraph 122], because Sheriff Coe could not have received the release paperwork until after County Clerk

Alvarado stamped it as final and transmitted it to the court and then the court would be able to transmit the release paperwork to Sheriff Coe.

Sheriff Coe is statutorily prohibited by state law from releasing any prisoner except by lawful order of the proper Court. *See* Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18; Tex. Loc. Gov't Code § 351.041(a). (stating that a Sheriff's authority is "subject to an order of the proper court"). This Court has noted this limitation on a Sheriff's authority to release prisoners:

> We agree with the County that its Sheriff is not an appropriate party for attaching municipal liability, however. The Sheriff does not have the same policymaking authority as the County Judges.
>
> To the contrary, the Sheriff is legally obliged to execute all lawful process and **cannot release prisoners committed to jail by a magistrate's warrant**—even if prisoners are committed "for want of bail." *See* Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18; Tex. Loc. Gov't Code § 351.041(a) (noting the Sheriff's authority is "subject to an order of the proper court"). State statutes, in other words, do not authorize the County Sheriff to avoid executing judicial orders imposing secured bail by unilaterally declaring them unconstitutional. Accordingly, the County Sheriff does not qualify as a municipal policymaker under § 1983.

*O'Donnell v. Harris Cnty.*, 892 F.3d 147, 156 (5th Cir. 2018)(emphasis added)(overruled on other grounds by *Daves v. Dallas Cnty., Texas*, 22 F.4th 522 (5th Cir. 2022), and *Daves v. Dallas Cnty., Texas*, 64 F.4th 616 (5th Cir. 2023)).

This Court has also noted that a sheriff does not commit a tort by not immediately releasing a prisoner,

> The sheriff, of course, must have some protection too. His duty to his prisoner is not breached until the expiration of a reasonable time for the proper ascertainment of the authority upon which his prisoner is detained. We are not to be interpreted as holding that a sheriff commits an instant tort at the moment when his prisoner should have been released.

*Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968) cert. denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969); *see also Crittindon v. LeBlanc*, 37 F.4th 177, 188 (5th Cir. 2022), cert. denied, 144 S. Ct. 90, 217 L. Ed. 2d 21 (2023)("Of course, 'timely release' is not the same as instantaneous release: it is reasonable for jailers to have some administrative delay in processing an inmate's discharge."); *Regan v. Upper Darby Twp.*, 363 F. App'x 917, 924 (3d Cir. 2010)(applying the reasonable time period from *Whirl v. Kern* for release of a prisoner.); *Willis v. U.S. Corr. Corp.*, 77 F.3d 483 (6th Cir. 1996); *Rodriguez v. Broward Sheriff's Off.*, No. 06-13171, 2007 WL 1222564, at *4 (11th Cir. Apr. 26, 2007)(reversing district court's denial of summary judgment as to a § 1983 claim of false imprisonment when the Sheriff's office received internal grievances on June 1 and 4, and verifying the veracity of these allegations on June 5, the Sheriff's Office effectuated the prisoner's release.)

*Plaintiffs' Complaint* factually alleges that the county court could only send such an order to Sheriff Coe *after* the County Clerk filed, stamped and delivered the release paperwork to the court. ROA.46, at paragraphs 101, 104 and ROA.49, at paragraph 126. Therefore, taking Plaintiffs-Appellees' allegations as true, Plaintiffs-Appellees have not pled a plausible cause of action against Sheriff Coe because,

according to the facts pled by Plaintiffs-Appellees, Sheriff Coe could not release Plaintiff Ruiz de la Cruz until he received the order from the county court. ROA.46, at paragraph 105.

*Plaintiffs' Complaint* factually alleges that the County Clerk did not sign or file the release documents until 14 days after Ruiz de la Cruz's plea was entered [ROA.46, at paragraph 107] and that Ruiz de la Cruz was overincarcerated for 13 days. ROA.47, at paragraph 112; ROA.49, at paragraph 122. Therefore, *Plaintiffs' Complaint* does contain sufficient factual allegations to show that there was any delay in Ruiz de la Cruz's release that was attributable to the actions of Sheriff Coe or that Sheriff Coe, through his own actions, violated Plaintiff Ruiz de la Cruz's Constitutional rights. *See Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948. The Court should reverse and render and dismiss Plaintiffs' claims against Sheriff Coe.

The Seventh Circuit considered and rejected similar individual capacity claims against a sheriff:

> Individual capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo, supra*, 502 U.S. at 25, 112 S.Ct. 358. To establish personal liability in a sec.1983 action, the plaintiff must show that the officer "caused the deprivation of a federal right." *Id*. Furthermore, should it come to this, a state actor sued in her individual capacity "may assert personal immunity defenses." *Id. See Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (discussing the qualified immunity defense).
>
> Luck argues that Sheriff Rovenstine should be individually liable based on the following three points: (1) his knowledge of Luck's incarceration

in the jail for seven days, obtained presumably by the fact that the jail roster was available for his review, (2) his policy of ignoring pretrial detainees brought in by outside agencies so that he could avoid a "turf war," and (3) his inaction in handling prolonged incarcerations. Even assuming all those facts were true—that is, that the sheriff had access to the roster, that he had the policy we have just finished discussing in connection with the official capacity claim, and that he was guilty of inaction in Luck's case or generally—**the district court correctly concluded that this does not add up to the kind of personal involvement we require for individual liability in sec.1983 cases.** *See, e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995). Luck concedes that he never had any direct contact with the sheriff and that Sheriff Rovenstine lacked "actual knowledge" of Luck's wrongful detention. This alone is enough to defeat his individual capacity claim against the sheriff; we therefore have no occasion to discuss the question whether the sheriff would in any event be entitled to qualified immunity from suit.

*Luck v. Rovenstine*, 168 F.3d 323, 327 (7th Cir. 1999)(emphasis added).

In the present case, *Plaintiffs' Complaint* contains no factual allegations that Sheriff Coe had any contact with Ruiz de la Cruz or that Sheriff Coe was informed about Ruiz de la Cruz's overincarceration. As in *Luck*, Plaintiff has not alleged facts to show that Sheriff Coe had actual knowledge of Ruiz de la Cruz or his alleged over-detention at any time where Sheriff Coe could have done anything about it. Plaintiffs simply have not alleged facts sufficient to support an individual capacity claim against Sheriff Coe.

A plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir.1999). A supervisor is not personally liable for his subordinate's actions in which he had no involvement. *Id*. at 443–44.

*James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).

> Plaintiffs suing governmental officials in their individual capacities, however, must allege specific conduct giving rise to a constitutional violation. *Anderson*, 184 F.3d at 443. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation. *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir.1996).

*Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). *Plaintiffs' Complaint* does not meet this burden, and the Court should reverse and render, dismissing Plaintiffs' claims against Sheriff Coe.

*Plaintiffs' Complaint* uses up a great deal of space to allege that Sheriff Coe had policies that *could* lead to overincarceration. ROA.47, at paragraph 115; ROA.48, at paragraphs 119, 120; ROA.49, at paragraph 122; ROA.50, at paragraphs 127, 128.

However, Plaintiffs do not plead facts to plausibly show that any of these alleged policies *caused* any delay in Ruiz de la Cruz's release.

*Plaintiffs' Complaint* falls far short of the plausibility standard in *Ashcroft* and *Twombly*. *Plaintiffs' Complaint* pleads facts that are merely consistent with Sheriff Coe's liability, and "stops short of the line between possibility and plausibility of entitlement to relief." *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. *Plaintiffs' Complaint* does not contain sufficient factual allegations to demonstrate that Sheriff

Coe, through his own actions, violated Plaintiff Ruiz de la Cruz's Constitutional rights. *See Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948.

Without sufficient factual allegations to show that Sheriff Coe plausibly violated a statutory or constitutional right, Sheriff Coe is entitled to qualified immunity. *See Wood v. Moss*, 572 U.S. 744, 757, 134 S. Ct. 2056, 2066–67, 188 L. Ed. 2d 1039 (2014).

The Court should reverse and render because *Plaintiffs' Complaint* does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and Sheriff Coe is entitled to qualified immunity.

## 3. The trial court erred when it denied Defendants' Motion to Dismiss Plaintiff's claims against Val Verde County Sheriff Joe Frank Martinez based on qualified immunity.

*Plaintiffs' Complaint* does not contain sufficient factual allegations to demonstrate that Val Verde County Sheriff Joe Frank Martinez, through his own actions, violated Edgar Garces Robles, Ramiro Soto Altamirano or Juan Jose Soto Hernandez's constitutional rights and Sheriff Martinez is entitled to qualified immunity.

*Plaintiffs' Complaint* is devoid of factual allegations that show Sheriff Martinez ever met, had any contact with, or knew anything about Robles, Soto Altamirano or Soto Hernandez, or that Sheriff Martinez knew anything about their alleged overincarceration.

Plaintiffs allege that Plaintiffs Soto Hernandez and Soto Altamirano's court-appointed defense attorney contacted unknown "staff" at Sheriff Martinez's office on October 26, 2021 to ask that they be released. ROA.40, at paragraph 71. However, Plaintiffs also allege that Soto Hernandez and Soto Altamirano were released that same day. ROA.40, at paragraph 71.[1]

As previously noted, this Court has said that a sheriff does not commit a tort by not immediately releasing a prisoner:

> The sheriff, of course, must have some protection too. His duty to his prisoner is not breached until the expiration of a reasonable time for the proper ascertainment of the authority upon which his prisoner is detained. We are not to be interpreted as holding that a sheriff commits an instant tort at the moment when his prisoner should have been released.

*Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968) cert. denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969); *see also Crittindon v. LeBlanc*, 37 F.4th 177, 188 (5th Cir. 2022), cert. denied, 144 S. Ct. 90, 217 L. Ed. 2d 21 (2023)("Of course, 'timely release' is not the same as instantaneous release: it is reasonable for jailers to have some administrative delay in processing an inmate's discharge."). Surely it was reasonable that Soto Hernandez and Soto Altamirano's were released on the same day their attorney notified Sheriff Martinez's staff. *See Rodriguez v. Broward Sheriff's Off.*, No. 06-13171, 2007 WL 1222564, at *4 (11th Cir. Apr. 26,

---

[1] *Plaintiffs' Complaint* does not allege that Plaintiff Robles or any of his representatives ever contacted Sheriff Martinez or his staff to ask about Robles' release.

2007)(reversing district court's denial of summary judgment as to a § 1983 claim of false imprisonment when the Sheriff's office received internal grievances on June 1 and 4, and verifying the veracity of these allegations on June 5, the Sheriff's Office effectuated the prisoner's release.).

*Plaintiffs' Complaint* contains no factual allegations that Sheriff Martinez had any contact with Edgar Garces Robles, Ramiro Soto Altamirano or Juan Jose Soto Hernandez or that Sheriff Martinez was informed about their alleged overincarceration. As in *Luck*, Plaintiffs have not alleged facts to show that Sheriff Martinez had actual knowledge of Plaintiffs or their alleged over-detention at any time where Sheriff Martinez could have done anything about it. Plaintiffs simply have not alleged facts sufficient to support an individual capacity claim against Sheriff Martinez.

> A plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir.1999). A supervisor is not personally liable for his subordinate's actions in which he had no involvement. *Id.* at 443–44.

*James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).

> Plaintiffs suing governmental officials in their individual capacities, however, must allege specific conduct giving rise to a constitutional violation. *Anderson*, 184 F.3d at 443. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation. *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir.1996).

*Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). *Plaintiffs' Complaint* does not meet this burden, and the Court should reverse and render, dismissing Plaintiffs' claims against Sheriff Martinez.

*Plaintiffs' Complaint* does contain sufficient factual allegations to show that there was any delay in Plaintiffs' release that was attributable to the actions of Sheriff Martinez or that Sheriff Martinez, through his own actions, violated Plaintiffs' Constitutional rights. *See Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948. The Court should reverse, render and dismiss Plaintiffs' claims against Sheriff Martinez.

*Plaintiffs' Complaint* alleges that Sheriff Martinez designed a policy whereby:

> [R]elease orders are sent from the court to the VVTPC. The VVTPC and/or Martinez send the release orders to the TDCJ prison holding the person. The TDCJ warden has the release paperwork signed by the person to be released. The TDCJ warden sends the executed release paperwork back to the VVTPC for review. The VVTPC physically delivers the release paperwork to Defendant Martinez. On information and belief, Defendant Martinez then instructs the jail to release the individual. Then, TDCJ officials further restrain and transport individuals back to the VVTPC, where they are not released except to federal immigration facilities. This process can take several days to weeks, assuming it is initiated, and is subject to delay at each stage.

ROA. 44, ¶91.

However, *Plaintiffs' Complaint* contains no facts to plausibly show that this alleged policy was actually applied to any of the three Plaintiffs or that this alleged policy *caused* a delay in their release.

*Plaintiffs' Complaint* falls far short of the plausibility standard in *Ashcroft* and *Twombly*. *Plaintiffs' Complaint* pleads facts that are merely consistent with Sheriff Martinez's liability, and "stops short of the line between possibility and plausibility of entitlement to relief." *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. *Plaintiffs' Complaint* does not contain sufficient factual allegations to demonstrate that Sheriff Martinez, through his own actions, violated Plaintiffs Edgar Garces Robles, Ramiro Soto Altamirano or Juan Jose Soto Hernandez's Constitutional rights. *See Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948.

Without sufficient factual allegations to show that Sheriff Martinez plausibly violated a statutory or constitutional right, Sheriff Martinez is entitled to qualified immunity. *See Wood v. Moss*, 572 U.S. 744, 757, 134 S. Ct. 2056, 2066–67, 188 L. Ed. 2d 1039 (2014).

The Court should reverse and render because *Plaintiffs' Complaint* does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and Sheriff Martinez is entitled to qualified immunity.

## CONCLUSION & PRAYER

WHEREFORE PREMISES CONSIDERED, APPELLANTS Brad Coe, Ricardo Alvarado, and Joe Frank Martinez pray that the Court reverse the Trial Court's denial of Appellants Ricardo Alvarado, Brad Coe and Joe Frank Martinez's Motions to Dismiss and render judgment for Appellants dismissing Plaintiffs' claims

in their entirety, and for such further relief to which Appellants may be justly entitled, in law and in equity.

SIGNED this 20th day of November, 2024.

Respectfully submitted,

BOJORQUEZ LAW FIRM, PC
11675 Jollyville Road
Suite 300
Austin, Texas 78759
(512) 250-0411
(512) 250-0749 (Facsimile)
scott@texasmunicipallawyers.com


By:     *s/Scott Michael Tschirhart*
        SCOTT MICHAEL TSCHIRHART
        State Bar No. 24013655
        *ATTORNEYS FOR DEFENDANTS-APPELLANTS*
        *BRAD COE, RICARDO ALVARADO,*
        *AND JOE FRANK MARTINEZ*

# CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Appellate Procedure on this 20th day of November, 2024 to the following:

David A. Donatti (Bar No. 24097612)     ***Via E-Notification***
Adriana C. Piñon (Bar No. 24089768 )
AMERICAN CIVIL LIBERTIES UNION
OF TEXAS
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
Facsimile: (713) 942-8966
ddonatti@aclutx.org
apinon@aclutx.org

Robert Haslam (Cal. Bar No. 71134)     ***Via E-Notification***
Stanley Young (Cal. Bar No. 121180)
Miranda Julia Rutherford (Cal. Bar No. 336483)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4745; (650) 632-4704
rhaslam@cov.com
syoung@cov.com
mrutherford@cov.com

Darren S. Teshima (Cal. Bar No. 238875)   ***Via E-Notification***
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105-2533
(415) 591-7094
dteshima@cov.com

Celin A. Carlo-Gonzalez (Cal. Bar No. 337749)  ***Via E-Notification***
COVINGTON & BURLING LLP
The New York Times Building
600 Eighth Ave.
New York, NY 10018-1405
(212) 841-1088
ccarlogonzalez@cov.com

Quyên Tru'o'ng
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., NW
Washington, DC 20001-45956
(860) 335-5803
qtruong@cov.com

*Via E-Notification*

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
GRANT DORFMAN
Deputy First Assistant Attorney General
JAMES LLOYD
Deputy Attorney General for Civil Litigation
SHANNA E. MOLINARE
Division Chief
Law Enforcement Defense Division
MARLAYNA M. ELLIS
Assistant Attorney General
Attorney-in-Charge
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2080 | Fax (512) 370-9814
Marlayna.Ellis@oag.texas.gov
*Attorneys for Defendants Ronny Taylor, Felipe Gonzalez,*
*Maria Ramirez, and John Cirone*

*Via E-Notification*

Douglas C. Bracken
KANE RUSSELL COLEMAN LOGAN, PC
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Direct :    (214) 777-4265
Facsimile:  (214) 777-4299
Email: dbracken@krcl.com
*Attorneys for Recana Solutions, LLC*

*Via Email/Courtesy Copy*

*s/Scott Michael Tschirhart*
SCOTT MICHAEL TSCHIRHART

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.

1.     This document complies with the type-volume limit of Fed.R.App.P. 32(a)(7)(B), because, excluding the parts of the document exempted by Fed.R.App.P. 32(f) and 5th Cir. R. 32.1, this document contains 6,504 words.

2.     This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and 5th Cir. R. 32.1 and the type-styled requirements of Fed.R.App.P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 docx, in 14-point in Times New Roman for body and 12-point Times New Roman for footnotes.

*s/ Scott M. Tschirhart*
SCOTT MICHAEL TSCHIRHART