Case No. 24-50595

# In the United States Court of Appeals for the Fifth Circuit

_____

EDGAR GARCES ROBLES; RAMIRO SOTO ALTAMIRANO;
JUAN JOSE SOTO HERNANDEZ; RODOLFO RUIZ DE LA CRUZ
*Plaintiffs - Appellees,*

V.

JOE FRANK MARTINEZ, IN HIS INDIVIDUAL CAPACITY; MARIA
RAMIREZ, IN HER INDIVIDUAL CAPACITY; JOHN CIRONE, IN HIS
INDIVIDUAL CAPACITY; FELIPE GONZALEZ, IN HIS INDIVIDUAL
CAPACITY; RONNY TAYLOR, IN HIS INDIVIDUAL CAPACITY; BRAD
COE, IN HIS INDIVIDUAL CAPACITY; RICARDO ALVARADO, IN HIS
INDIVIDUAL CAPACITY, ALSO KNOWN AS RICK ALVARADO,
*Defendants – Appellants.*

_____

*On Appeal from United States District Court
for the Western District of Texas, Austin Division
(Cause No. 1:23-cv-00981)
The Honorable Robert Pitman, Presiding*

---

## APPELLANTS BRAD COE, RICARDO ALVARADO, AND JOE FRANK MARTINEZ'S REPLY BRIEF

---

### ORAL ARGUMENT REQUESTED

Scott Michael Tschirhart
State Bar No. 24013655
BOJORQUEZ LAW FIRM, PC
11675 Jollyville Road, Suite 300
Austin, Texas 78759
(512) 250-0411 (Office)
(512) 250-0749 (Fax)

i

[scott@texasmunicipallawyers.com](mailto:scott@texasmunicipallawyers.com)

*Counsel for Appellants Brad Coe, Ricardo Alvarado and Joe Frank Martinez*

# TABLE OF CONTENTS

Contents                                                                Page(s)

TABLE OF CONTENTS ............................................................ iii

TABLE OF AUTHORITIES ...................................................... v

INTRODUCTION AND SUMMARY OF ARGUMENT .... **Error! Bookmark not defined.**

ARGUMENT ........................................................................ 2

    1.  The trial court erred when it denied Defendants' Motion to Dismiss Plaintiffs' claims against Kinney County Clerk Ricardo Alvarado based on judicial immunity and/or qualified immunity. …. ........................ 2

    Insufficient Facts ........................................................... 2

    Judicial/Quasi-Judicial Immunity ...................................... 5

    Qualified Immunity ......................................................... 6

    2.  The trial court erred when it denied Defendants' Motion to Dismiss Plaintiffs' claims against Kinney County Sheriff Brad Coe based on qualified immunity ........................................................... 6

    Insufficient Facts ........................................................... 6

    Qualified Immunity ......................................................... 9

    Supervisory Liability ....................................................... 10

    3.  The trial court erred when it denied Defendants' Motion to Dismiss Plaintiff's claims against Val Verde County Sheriff Joe Frank Martinez based on qualified immunity. ...................................................... 11

    Insufficient Facts ........................................................... 11

  Qualified Immunity ........................................................................13

  Supervisory Liability .....................................................................14

CONCLUSION & PRAYER...................................................................15

CERTIFICATE OF SERVICE ...............................................................17

CERTIFICATE OF COMPLIANCE.......................................................19

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 675, 129 S. Ct.
1937, 1947, 173 L. Ed. 2d 868 (2009)............................................3,4,6,7,8,10,13,14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929
(2007) ................................................................................................................3,8,13

*Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ......................................................5

*Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663, 88 L. Ed. 2d 662
(1986) ........................................................................................................................4

*DeMarco v. Davis*, 914 F.3d 383, 390 (5th Cir. 2019)..............................................4

*Evett v. DETNTFF*, 330 F.3d 681, 687 (5th Cir. 2003)...................................9,11,14

*Mullis v. United States Bankr. Court for Dist. of Nevada,*
828 F.2d 1385, 1390 (9th Cir.1987) .........................................................................5

*Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) ...................................................1

*Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992) ............................................5

*Small v. Dallas Cnty., 170 F. App'x 943, 944 (5th Cir. 2006) (per curiam)* .............5

**TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:**

NOW COME Appellants Kinney County Clerk Ricardo Alvarado (Clerk Alvarado), Kinney County Sheriff Brad Coe (Sheriff Coe), and Val Verde County Sheriff Joe Frank Martinez (Sheriff Martinez), and file this their Appellants' Reply Brief. Appellants respectfully request that this Court reverse and render the trial court's ruling denying Appellants' Motions to Dismiss.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Taken together, the Appellants' Brief and Appellee's Response demonstrate precisely why the district court erred in denying Appellants' Motions to Dismiss.

Specifically, Appellee's Response references the words "policy" and "policies" a total of thirty-three (33) times. Appellees' have clarified that their claims against these three Appellants are based on supervisory liability. "A supervisory official may be held liable ... only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011)(quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir.2008)). "A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Id*. (quoting *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir.1992)).

However, Appellees fail to provide factual allegations to plausibly show that these alleged policies *caused* Appellees' alleged injuries. Appellees have not pled facts that plausibly demonstrate deliberate indifference or conduct that was otherwise objectively unreasonable. Appellees' pleadings merely state conclusory allegations about legal theories, but are devoid of specific factual underpinnings of these legal conclusions or facts demonstrating a linkage between Appellants' actions and Appellees' alleged injuries.

Appellees' factual pleadings at best set forth allegations of negligence and allegations amounting to negligence cannot support a § 1983 claim.

## ARGUMENT

I. **THE DISTRICT COURT ERRED IN DENYING KINNEY COUNTY CLERK RICARDO ALVARADO'S MOTION TO DISMISS BY THE APPLICATION OF THE INCORRECT LEGAL STANDARDS**.

**Appellee pleads insufficient facts to plausibly show that Clerk Alvarado caused any Constitutional violation.**

Plaintiffs' *Complaint* [EROA 24-50595.22-60] factually states that County Clerk Alvarado stamped Plaintiff Ruiz de la Cruz's plea paperwork and filed it for the record 14 days after the plea was entered. [ROA 24-50595.46, ⁋ 107]. However, Plaintiffs' *Complaint* does not state when Clerk Alvarado actually received the plea paperwork or how long he had this paperwork in his possession before stamping and

filing it. Appellee has not pled *facts* to plausibly show that Clerk Alvarado had anything to do with any delay.

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Conclusory allegations that Clerk Alvarado had unwritten "policies" of delaying stamping and filing documents (without alleging any facts to demonstrate that any such policy even exists) are not sufficient to meet this plausibility standard. Plaintiffs' *Complaint* simply does not plead facts that plausibly tie any alleged policy of delay to Appellee's alleged over-detention. In other words, Plaintiffs' *Complaint* does not plead *facts* to show when County Clerk Alvarado received the release paperwork, how long County Clerk Alvarado had the release paperwork before he

stamped and filed it, or any facts to show that he had any intention or reason to delay Appellee's release.

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, **through the official's own individual actions**, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948 (emphasis added). "[T]o state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violations alleged." *DeMarco v. Davis*, 914 F.3d 383, 390 (5th Cir. 2019) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (per curiam)). Plaintiffs' *Complaint* is devoid of facts to plausibly show that County Clerk Alvarado caused any violation of Constitutional rights.

At best, Appellees allege that Clerk Alvarado was negligent in his duties.[1] And allegations of negligence are simply not enough to support a §1983 cause of action. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663, 88 L. Ed. 2d 662 (1986)("We conclude that the Due Process Clause is simply not implicated

---

[1] Appellee's Reply cites to Clerk Alvarado's "duty" and how he violated it 7 times. Dkt.66, pp.26, 32, 33. A "duty" is a key element in a negligence claim, not an intentional tort, because negligence refers to a failure to exercise reasonable care, meaning someone accidentally caused harm by not fulfilling their legal duty to act responsibly, while an intentional tort requires a deliberate act with the intent to cause harm. Plaintiffs' *Complaint* likewise alleges that Defendants violated their "duty" but does not allege a cause of action against these Appellants for negligence. ROA.24-50595.24, 28, 31.

by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *see also, Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992)("The focus is on the Fourteenth Amendment's curb of deliberate abuses of governmental power."). Plaintiffs' *Complaint* contains no factual allegations to demonstrate that Clerk Alvarado took any deliberate action that caused a Constitutional injury.

This Court should reverse and render the district court's denial of Clerk Alvarado's Motion to Dismiss.

### County Clerk Alvarado is entitled to Judicial/Quasi-Judicial Immunity

Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)). "[C]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (per curiam).

Plaintiffs' *Complaint* does not contain facts that plausibly allege that Clerk Alvarado undertook any actions that were not taken under court order, according to court rules, or at a judge's discretion. Therefore, County Clerk Alvarado has absolute immunity for these actions. *See Small*, 170 F. App'x at 944 (holding that the clerk of

a state district court was entitled to absolute immunity absent allegation that any of his actions were not taken under court order or at judge's discretion).

This Court should reverse and render the district court's denial of County Clerk Alvarado's Motion to Dismiss.

### *Qualified Immunity*

As previously discussed, Plaintiffs' *Complaint* does not contain sufficient factual allegations to plausibly show that Clerk Alvarado deliberately violated any of Plaintiff Ruiz de la Cruz's Constitutional rights. Appellees simply have not pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Plaintiffs' *Complaint* is devoid of factual allegations to plausibly demonstrate that County Clerk Alvarado had any reason to know how long Ruiz de la Cruz's had been detained or that he could have any reason to believe that his actions were illegal.

The Court should reverse and render the district court's denial of County Clerk Alvarado's Motion to Dismiss, should find that he is entitled to qualified immunity for his actions in signing and stamping Plaintiff Ruiz de la Cruz's release paperwork, and should dismiss Plaintiff's claims against Clerk Alvarado in their entirety.

## II. THE DISTRICT COURT ERRED IN DENYING KINNEY COUNTY SHERIFF BRAD COE'S MOTION TO DISMISS BY THE APPLICATION OF THE INCORRECT LEGAL STANDARDS.

**Appellee Ruiz de la Cruz failed to plead facts to plausibly show that Sheriff Coe caused any Constitutional violation.**

Plaintiffs *Complaint* [EROA 24-50595.22-60] does not contain sufficient facts to show that Sheriff Coe in any way caused the delay in release of Appellee Ruiz de la Cruz.

Appellee Ruiz de la Cruz factually pleads that he was over-detained by 13 days. ROA 24-50595.27, ¶12; ROA 24-50595.42, ¶80; ROA 24-50595.47, ¶112; ROA 24-50595.49, ¶122

Appellee Ruiz de la Cruz contends that Sheriff Coe relies on Clerk Alvarado to provide him with the paperwork that has been stamped as final by the Clerk. ROA 24-50595.46, ¶104. Appellant further contends that Clerk Alvarado "stamped the time served plea paperwork and filed it for the record 14 days after the plea was entered." ROA 24-50595.46 ¶107. However, Appellee fails to plead any facts to plausibly state when Clerk Alvarado received the plea paperwork, how long he had it in his possession, or any reason why Clerk Alvarado would delay in stamping such paperwork. More importantly, Appellee pleads no facts to plausibly show that Sheriff Coe in any way caused the 14-day delay Appellee attributes to Clerk Alvarado.

Appellee simply has not pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Appellee had not pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (2009) (citing *Twombly*,

550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Appellee also makes conclusory allegations that Sheriff Coe has a complicated policy of delaying the release of prisoners by communicating with the jail units and ICE that results in a delay of the release of prisoners. ROA 24-50595.47, ¶114 to 24-50595.50, ¶120.

However, Plaintiff's *Complaint* contains no factual allegations to plausibly demonstrate that this complicated process was employed in Appellee Ruiz de la Cruz's release or that this alleged policy caused his over-detention. There are no factual pleadings to plausibly show that Sheriff Coe was aware of the plea paperwork or any issue of Appellee Ruiz de la Cruz's alleged over-detention before receiving these documents from Clerk Alvarado.

Instead, Plaintiff's factual pleadings negate any delay that could possibly be attributed to Sheriff Coe. Rather, the alleged 13-day delay in Appellee Ruiz de la Cruz's release was due to a 14-day delay in Clerk Alvarado stamping and filing his release paperwork, according to Plaintiffs. ROA 24-50595.46 ¶107.

At best, Appellees allege that Sheriff Coe was negligent in his duties.[2]   And

allegations of negligence are simply not enough to support a §1983 cause of action.

*See Daniels*, 474 U.S. at 328, 106 S. Ct. at 663.

The Court should reverse and render the district court's denial of Sheriff Coe's

Motion to Dismiss and should dismiss Appellee Ruiz de la Cruz's claims against

Sheriff Coe in their entirety.

**Qualified immunity.**

Alternatively, since Plaintiffs' *Complaint* does not plausibly state a claim that

Sheriff Coe violated Appellee Ruiz de la Cruz's Constitutional rights, Sheriff Coe is

entitled to qualified immunity.

> Government officials acting within their discretionary authority are
> immune from civil damages if their conduct does not violate clearly
> established statutory or constitutional rights of which a reasonable
> person would have known. *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th
> Cir.2000). This Court conducts a bifurcated analysis to assess whether
> a defendant is entitled to qualified immunity. *Harper v. Harris County*,
> Tex., 21 F.3d 597, 600 (5th Cir.1994). First, the plaintiff must allege
> the violation of a clearly established right.

*Evett v. DETNTFF*, 330 F.3d 681, 687 (5th Cir. 2003).  Appellee has not plead facts

to plausibly demonstrate that Sheriff Coe violated any clearly established right.

Conclusory allegations about policies of complex communication are not sufficient

if there are no factual pleadings to show that any of these complex communications

---

[2] Appellee's Reply Brief refers to the Sheriff Defendants' "duty" 9 times. Dkt.66, pp.28, 35, 36, 47, 48.

actually occurred in Appellee Ruiz de la Cruz's case. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, **a plaintiff must plead that each Government-official defendant, through the official's own individual actions**, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948 (emphasis added). Appellee Ruiz de la Cruz's pleadings do not meet this standard.

The Court should reverse and render the district court's denial of Sheriff Coe's Motion to Dismiss.

**Supervisory liability.**

Plaintiffs' *Complaint* attempts to impose supervisory liability on Sheriff Coe. However, the lack of specific factual allegations in Plaintiffs' *Complaint* dooms this claim as well.

First, Appellee does not plead that Sheriff Coe has any supervisory authority over the County Clerk. Under Texas law both are elected officials and neither has supervisory authority over the other.

Second, Appellee pleads no facts to plausibly show that Sheriff Coe was deliberately indifferent to Appellee. As this Court has written:

> The issue of whether a supervisor may be held liable under 42 U.S.C. § 1983 requires a separate analysis than that applied above. Section 1983 does not create vicarious or respondeat superior liability. *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir.1987). Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a "sufficient causal connection" between the supervisor's conduct and the

constitutional violation. *Thompkins,* 828 F.2d at 304; *see also Southard v. Texas Bd. of Criminal Justice,* 114 F.3d 539, 550 (5th Cir.1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). A supervisory official is held to a standard of "deliberate indifference," which requires proof that the supervisor "disregarded a known or obvious consequence of his action." *Southard*, 114 F.3d at 551 (internal quotation marks omitted). A supervisor will not be held liable for unintentional oversights. *Id.*

*Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003).

Plaintiffs' *Complaint* does not plead facts to plausibly show that Sheriff Coe was personally involved in Appellee Ruiz de la Cruz's alleged over-detention or that there was a sufficient causal connection between Sheriff Coe's conduct and Appellee's alleged over-detention. Moreover, Appellees have pled no facts upon which to base a finding of deliberate indifference, because there is no factual allegation that plausibly shows that Sheriff Coe knew about any delay in Appellee Ruiz de la Cruz's paperwork or that there were any prior delays caused by Clerk Alvarado failing to timely stamp and file these kinds of documents.

The Court should reverse and render the district court's denial of Sheriff Coe's Motion to Dismiss.

### III. THE DISTRICT COURT ERRED IN DENYING VAL VERDE COUNTY SHERIFF JOE FRANK MARTINEZ'S MOTION TO DISMISS BY THE APPLICATION OF THE INCORRECT LEGAL STANDARDS.

**Appellees Garces Robles, Soto Altamirano, and Soto Hernandez failed to plead facts to plausibly show that Sheriff Martinez caused any Constitutional violation.**

Plaintiffs' *Complaint* [ROA 24-50595.22-60] does not contain sufficient facts to plausibly show that Sheriff Martinez in any way caused the delay in release of Appellees Garces Robles, Soto Altamirano, or Soto Hernandez.

Plaintiffs' *Complaint* factually alleges that on January 28, 2022, Appellant Garces Robles's "defense attorney contacted the staff at Briscoe Prison, TDCJ, VVTPC, and Val Verde County Attorney David Martinez, to demand his immediate release." ROA 24-50595.39, ⁋63. However, the *Complaint* contains no factual allegation to show that Sheriff Martinez was contacted by anyone. The *Complaint* further states that Appellee Garces Robles was released to Border Patrol the next day, January 29, 2022. ROA 24-50595.39, ⁋64.

Plaintiffs' *Complaint* factually alleges that Appellees Soto Hernandez and Soto Altamirano **were released on the same day** that their appointed defense attorney contacted Sheriff Martinez's office about their release. ROA 24-50595.40 ⁋71.

Plaintiffs' *Complaint* makes conclusory allegations that Sheriff Martinez "designed and implemented a circuitous and delayed process for the release of OLS arrestees" that involved multiple communications between Sheriff Martinez, the VVTPC, and the TDCJ warden. ROA 24-50595.44, ⁋91. However, Plaintiffs' *Complaint* does not contain factual allegations to plausibly show that this alleged process was followed in connection with Appellees Garces Robles, Soto Altamirano,

or Soto Hernandez. Without any factual allegations that this process was used in connection with these Appellees, Plaintiffs' *Complaint* does not state a plausible claim.

Appellees simply have not pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Appellees have not pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Appellees' pleadings stop short of the plausibility line.

At best Appellees' brief argues that Sheriff Martinez was negligent.[3]

The Court should reverse and render the district court's denial of Sheriff Martinez's Motion to Dismiss.

**Qualified immunity.**

---

[3] Appellee's Reply Brief refers to the Sheriff Defendants' "duty" 9 times. Dkt.66, pp.28, 35, 36, 47, 48.

Alternatively, since Plaintiffs' *Complaint* does not plausibly state a claim that Sheriff Martinez violated Appellees' Constitutional rights, Sheriff Martinez is entitled to qualified immunity.

Appellees have not plead sufficient facts to plausibly demonstrate that Sheriff Martinez violated any clearly established right. Conclusory allegations about policies of complex communication are not sufficient if there are no factual pleadings to show that any of these complex communications actually occurred in Appellees' cases. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, **a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution**." *Iqbal*, 556 U.S. at 676, 129 S. Ct. at 1948 (emphasis added). Appellees' pleadings do not meet this standard.

The Court should reverse and render the district court's denial of Sheriff Martinez's Motion to Dismiss.

**Supervisory liability.**

Plaintiffs' Complaint attempts to impose supervisory liability on Sheriff Martinez. However, the lack of specific factual allegations in Plaintiffs' *Complaint* dooms this claim as well.

> A supervisory official is held to a standard of deliberate indifference, which requires proof that the supervisor disregarded a known or obvious consequence of his action. A supervisor will not be held liable for unintentional oversights.

*Evett*, 330 F.3d at 689 (internal quotation marks omitted).

Plaintiffs' Complaint does not plead facts to plausibly show that Sheriff Martinez was personally involved in Appellees' alleged over-detention or that there was a sufficient causal connection between Sheriff Martinez's conduct and Appellees' alleged over-detention. Appellees have not pled facts to show that Sheriff Martinez knew about the Appellees' over-detention until his office was informed. When his office was informed, those prisoners were released that same day.

The Court should reverse and render the district court's denial of Sheriff Martinez's Motion to Dismiss.

## CONCLUSION & PRAYER

WHEREFORE PREMISES CONSIDERED, APPELLANTS Ricardo Alvarado, Brad Coe, and Joe Frank Martinez pray that the Court reverse the Trial Court's denial of Appellants Ricardo Alvarado, Brad Coe, and Joe Frank Martinez's Motions to Dismiss and render judgment for Appellants dismissing Plaintiffs' individual capacity claims in their entirety, and for such further relief to which these Appellants may be justly entitled, in law and in equity.

SIGNED this 10th day of February, 2025.

Respectfully submitted,

BOJORQUEZ LAW FIRM, PC
11675 Jollyville Road
Suite 300
Austin, Texas 78759
(512) 250-0411
(512) 250-0749 (Facsimile)
scott@texasmunicipallawyers.com

By:  *s/Scott Michael Tschirhart*
SCOTT MICHAEL TSCHIRHART
State Bar No. 24013655
*ATTORNEYS FOR APPELLANTS*
*BRAD COE, RICARDO ALVARADO,*
*AND JOE FRANK MARTINEZ*

# CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Appellate Procedure on this 10th day of February, 2025 to the following:

David A. Donatti (Bar No. 24097612)      ***Via E-Notification***
Adriana C. Piñon (Bar No. 24089768 )
AMERICAN CIVIL LIBERTIES UNION
OF TEXAS
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
Facsimile: (713) 942-8966
ddonatti@aclutx.org
apinon@aclutx.org

Robert Haslam (Cal. Bar No. 71134)      ***Via E-Notification***
Stanley Young (Cal. Bar No. 121180)
Miranda Julia Rutherford (Cal. Bar No. 336483)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4745; (650) 632-4704
rhaslam@cov.com
syoung@cov.com
mrutherford@cov.com

Darren S. Teshima (Cal. Bar No. 238875)    ***Via E-Notification***
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105-2533
(415) 591-7094
dteshima@cov.com

Celin A. Carlo-Gonzalez (Cal. Bar No. 337749)  ***Via E-Notification***
COVINGTON & BURLING LLP
The New York Times Building
600 Eighth Ave.
New York, NY 10018-1405
(212) 841-1088
ccarlogonzalez@cov.com

Quyên Tru'o'ng                                                    *Via E-Notification*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., NW
Washington, DC 20001-45956
(860) 335-5803
qtruong@cov.com

KEN PAXTON                                                        *Via E-Notification*
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
GRANT DORFMAN
Deputy First Assistant Attorney General
JAMES LLOYD
Deputy Attorney General for Civil Litigation
SHANNA E. MOLINARE
Division Chief
Law Enforcement Defense Division
MARLAYNA M. ELLIS
Assistant Attorney General
Attorney-in-Charge
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2080 | Fax (512) 370-9814
Marlayna.Ellis@oag.texas.gov
*Attorneys for Defendants Ronny Taylor, Felipe Gonzalez,*
*Maria Ramirez, and John Cirone*

Douglas C. Bracken                                               *Via Email/Courtesy Copy*
KANE RUSSELL COLEMAN LOGAN, PC
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Direct :      (214) 777-4265
Facsimile:  (214) 777-4299
Email: dbracken@krcl.com
*Attorneys for Recana Solutions, LLC*

                                        *s/Scott Michael Tschirhart*
                                        SCOTT MICHAEL TSCHIRHART

**CERTIFICATE OF COMPLIANCE**

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.

1.      This document complies with the type-volume limit of Fed.R.App.P. 32(a)(7)(B), because, excluding the parts of the document exempted by Fed.R.App.P. 32(f) and 5th Cir. R. 32.1, this document contains 3,267 words.

2.      This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and 5th Cir. R. 32.1 and the type-styled requirements of Fed.R.App.P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 docx, in 14-point in Times New Roman for body and 12-point Times New Roman for footnotes.

*s/Scott Michael Tschirhart*
SCOTT MICHAEL TSCHIRHART