# In the United States Court of Appeals for the Fifth Circuit

---

EDGAR GARCES ROBLES; RAMIRO SOTO ALTAMIRANO;
JUAN JOSE SOTO HERNANDEZ; RODOLFO RUIZ DE LA CRUZ,

*Plaintiffs-Appellees,*

V.

JOE FRANK MARTINEZ, IN HIS INDIVIDUAL CAPACITY; MARIA RAMIREZ, IN HER
INDIVIDUAL CAPACITY; JOHN CIRONE, IN HIS INDIVIDUAL CAPACITY;
FELIPE GONZALEZ, IN HIS INDIVIDUAL CAPACITY; RONNY TAYLOR, IN HIS
INDIVIDUAL CAPACITY; BRAD COE, IN HIS INDIVIDUAL CAPACITY; RICARDO
ALVARADO, IN HIS INDIVIDUAL CAPACITY, ALSO KNOWN AS RICK ALVARADO,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Western District of Texas, Austin Division
Case No. 1:23-CV-00981

---

## APPELLANTS REPLY BRIEF

---

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney
General

**JAMES LLOYD**
Deputy Attorney General for Civil
Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

**MARLAYNA M. ELLIS**
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2798 | FAX: (512) 320-0667
marlayna.ellis@oag.texas.gov

*Counsel for Defendants-Appellants Taylor,
Gonzalez, Ramirez, and Cirone*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... 3

INTRODUCTION ......................................................................................... 5

ARGUMENT ................................................................................................ 6

   I.   The relevant inquiry is not whether Appellees' right to timely release was clearly established, but whether Appellants' alleged *individual* actions violated those clearly established rights ................................ 6

      A.   The complaint does not sufficiently allege that Taylor violated Appellees Soto Altamirano's and Soto Hernandez's clearly established rights ............................................................................. 7

      B.   The complaint does not sufficiently allege the *specific* policies Gonzalez, Ramirez, and Cirone implemented that purportedly resulted in delayed release or that they had knowledge that *their* specific policies caused the overdetentions. ........................................ 11

   II.   The district court erred in denying qualified immunity to Appellants by relying on generalized propositions of law or failing to separately address each individual's qualified immunity claim. ................................................................................................... 14

      A.   Appellees did not defeat Taylor's qualified immunity defense with the requisite "equal specificity." .............................................. 14

      B.   The district court impermissibly analyzed the alleged conduct of Gonzalez, Ramirez, and Cirone on a group-wide basis. ....................... 16

   III.   Qualified Immunity is binding precedent ........................................... 19

CONCLUSION ........................................................................................... 20

CERTIFICATE OF SERVICE ..................................................................... 21

CERTIFICATE OF COMPLIANCE .......................................................... 21

# TABLE OF AUTHORITIES

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................ 9

*Backe v. LeBlanc,*
   691 F.3d 645 (5th Cir. 2012) ...................................................... 16

*Baker v. Putnal,*
   75 F.3d 1905th Cir. 1996) ........................................................... 14

*Batyukova v. Doege,*
   994 F.3d 717 (5th Cir. 2021) ...................................................... 14

*Brown v. Callahan,*
   623 F.3d 249 (5th Cir. 2010) ...................................................... 18

*Connick v. Thompson,*
   563 U.S. 51 (2011) ...................................................... 9, 12, 19

*Crittindon v. LeBlanc,*
   37 F.4th 177 (5th Cir. 2022) *cert. denied,* ..................... 7, 12, 19

*Darden v. City of Fort Worth,*
   880 F.3d 722 (5th Cir. 2018) ...................................................... 16

*Estate of Davis ex rel. McCully v. City of N. Richland Hills,*
   406 F.3d 375 (5th Cir. 2005) ...................................................... 10

*Guillot ex rel. T.A.G. v. Russell,*
   59 F.4th 743 (5th Cir. 2023) ...................................................... 11

*Hankins v. Wheeler,*
   109 F.4th 839 (5th Cir. 2024) .................................................... 20

*Hicks v. LeBlanc,*
   81 F.4th 497 (5th Cir. 2023) ........................................... 7, 12, 19

*Jackson v. City of Hearne,*
   959 F.3d 194 (5th Cir. 2020) ...................................................... 15

*Jason v. Tanner,*
   938 F.3d 191 (5th Cir. 2019) ...................................................... 19

*Joseph v. Bartlett,*
   981 F.3d 319 (5th Cir. 2020) ...................................................... 17

*Kovacic v. Villarreal,*
   628 F.3d 209 (5th Cir. 2010) ............................................... 7, 18

*Morrow v. Meachum,*
   917 F.3d 870 (5th Cir. 2019) ........................................... 14, 18

*Mullenix v. Luna,*
    577 U.S. 7 (2015) ................................................................................ 19

*Oliver v. Scott,*
    276 F.3d 736 (5th Cir. 2002) (citation omitted) ............................... 9

*Parker v. LeBlanc,*
    73 F.4th (5th Cir. 2023) ..........................................................11, 12, 19

*Pearson v. Callahan,*
    555 U.S. 223 (2009) ........................................................................ 6, 11

*Pena v. City of Rio Grande City,*
    879 F.3d 613 (5th Cir. 2018) ............................................................ 14

*Plotkin v. IP Axess Inc.,*
    407 F.3d 690 (5th Cir. 2005) .............................................................. 8

*Porter v. Epps,*
    659 F.3d 440 (5th Cir. 2011) .................................................. 9, 10, 13

*Ramirez v. Escajeda,*
    921 F.3d 497 (5th Cir. 2019) ............................................................ 10

*Rogers v. Jarrett,*
    63 F.4th 971 (5th Cir. 2023) ............................................................. 14

*Rollins v. Home Depot USA,*
    8 F.4th 393 (5th Cir. 2021) .............................................................. 11

*United States v. Teijeiro,*
    79 F.4th 387 (5th Cir. 2023) ............................................................ 11

*White v. Pauly,*
    137 S. Ct. 548 (2017) .................................................................. 14, 18

# INTRODUCTION

The qualified immunity defense remains intact in the Fifth Circuit and the Supreme Court. Appellees do not dispute that qualified immunity is the governing law. This Court should lend no credence to Appellees' "alternative" argument and resolve the limited issues presented in this interlocutory appeal: whether the district court erred in denying qualified immunity to Appellants Taylor, Gonzalez, Ramirez, and Cirone.

Although Appellees Soto Altamirano and Soto Hernandez allege that a letter was *sent* to Taylor, there is no reasonable inference that Taylor, as opposed to Recana, *received* this letter *and* that Taylor consciously disregarded their right to release. Similarly, there is no reasonable inference that Taylor "failed to act for 42 days." Appellees' insistence that Taylor failed to act, based entirely on the presumption that he must have failed to act because they were not released earlier, is conclusory. This unfounded assertion is simply not supported by specific factual allegations in the complaint that would meet the stringent standard for alleging deliberately indifferent conduct.

Likewise, the complaint is devoid of factual allegations to support Appellees' conclusory allegation that Gonzalez, Ramirez, and Cirone failed to adopt policies that would have ensured their timely release. The complaint fails to allege any *specific* policy that Gonzalez, Ramirez, and Cirone created or implemented, or failed to create or implement, that caused Appellees' overdetention. Rather than allege Gonzalez, Ramirez, and Cirone's knowledge that their specific policies caused individuals to be overdetained, Appellees merely allege their awareness of overdetention within the OLS

system, broadly speaking. This is insufficient to allege deliberately indifferent conduct under a theory of liability pursuant to a failure to adopt policies.

Finally, the Appellees were required to defeat Taylor, Gonzalez, Ramirez, and Cirone's assertion of qualified immunity with "equal specificity," and the district court did not hold them to their burden when denying qualified immunity. For these reasons, the district court's denial of qualified immunity should be reversed.

<strong>ARGUMENT</strong>

**I. The relevant inquiry is not whether Appellees' right to timely release was clearly established, but whether Appellants' alleged *individual* actions violated those clearly established rights.**

Appellees assert that "[t]he Appellants do not dispute that the [Appellees'] rights were violated if their allegations are true," but rather "dispute the accuracy and characterization of the [Appellees'] facts." Appellees' Br. 33. This is not true. Indeed, even accepting Appellees' facts as true, with all reasonable inferences that can be drawn from them, Appellees fail to allege that *each* Appellants' individual actions violated their right to timely release.

Although the right to timely release is a clearly established right, the inquiry does not end there. The qualified immunity analysis has two steps, which can be taken in either order: (1) whether a constitutional right would have been violated on the facts alleged, and (2) "whether the defendant's actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). And once a state official has asserted qualified

immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). Appellees did not meet their burden.

### A. The complaint does not sufficiently allege that Taylor violated Appellees Soto Altamirano's and Soto Hernandez's clearly established rights.

Appellees cite to the complaint's allegation that the Val Verde County Attorney sent Taylor a letter on September 14, 2021, stating that they were entitled to release and then for 42 days "Taylor did nothing to secure their release." Appellees' Br. 53. Appellees claim this is enough to establish that Taylor violated their clearly established rights, citing *Hicks v. LeBlanc*, 81 F.4th 497, 505 (5th Cir. 2023) and *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022) *cert. denied*, 144 S. Ct. 90, 217 L. Ed. 2d 21 (2023). Appellees' Br. 53. But Taylor's alleged actions are not factually comparable to those alleged in *Hicks* or *Crittindon*.

In *Hicks*, this Court found Louisiana Department of Public Safety and Corrections ("DPSC") supervisory officials liable for direct participation where the complaint alleged they reviewed all of Hick's Administrative Remedy Procedures ("ARPs") regarding his time served in Arkansas, knew he was not being credited for the Arkansas time (after one official personally informed Hicks of the incorrect calculation and refused to modify it with credit for his Arkansas time), and manually altered Hicks' release date to extend the period of imprisonment despite knowing that Hicks was, at that point, already being held past the expiration of his sentence. 81 F.4th

at 505. In *Crittindon*, this Court found the allegations against high-level DPSC officials plausibly established their liability as direct participants when they were notified by the detainees' mothers that their sons had been overdetained for nearly three months, discussed their overdetentions amongst themselves, and took no further action until 17 days later. 37 F.4th at 189.

Here, the *sole* allegation is that a letter was purportedly sent to Taylor. ROA.39-41. Appellees dismiss the important distinction between whether Taylor was merely sent a letter versus whether he received the letter. Appellees' Br. 53-54. But Appellees conveniently utilize the word "received" when it benefits them, demonstrating their understanding of the difference between the two allegations. Appellees' Br. 54 ("Like in *Crittindon*, Taylor <u>received</u> notice that Soto Altamirano and Soto Hernandez were entitled to release but did nothing."). They further argue that it is reasonable to infer that Taylor received and reviewed the letter sent to him. Appellees' Br. 54-55. Because Taylor was operating the VVTPC in conjunction *with* Recana when the letter was purportedly sent to Taylor, there is no reasonable inference that Taylor, as opposed to Recana, received, or reviewed this letter. Although courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions". *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Similarly, there is no reasonable inference that Taylor in fact did nothing. The complaint states only that the September 14, 2021, letter was sent to Taylor and that

Soto Hernandez and Soto Altamirano were not released until October 26, 2021. ROA.39-41. This bare-bones timeline says nothing of Taylor's action or inaction. Appellees claim that their lone assertion of inaction is "enough at this stage," and that Rule 8 does not require detailed factual allegations. Appellees' Br. 55.

While it is true a pleading does not require detailed factual allegations, it absolutely does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint is insufficient "if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal citations omitted). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions[.] The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).

Appellees' failure to sufficiently plead Taylor's notice of Soto Hernandez's and Soto Altamirano's overdetention and conclusory assertion that he failed to act in response to the September 14, 2021, letter does not establish that he "disregarded a known or obvious consequence of [his] action[s]." *Porter v. Epps*, 659 F.3d 440, 446–47 (5th Cir. 2011) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). Deliberate

indifference is "a stringent standard of fault." *Connick*, 563 U.S. at 61. "Deliberate indifference requires a showing of more than negligence or even gross negligence." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

The same is true for the district court's finding of *all* Defendants', including Taylor's, deliberate indifference for failure to adopt policies. ROA.698-700. The district court cited the complaint's allegation that Taylor testified at a contempt hearing that it was not uncommon to receive emails from defense attorneys explaining that their clients were entitled to release, that *all* Defendants should have known about overdetention because it was sufficiently widespread, citing to a news article, and that the OLS release process inherently suggested that each individual Defendant knew that OLS detainees were regularly being overdetained. ROA.698-700. However, as with Gonzalez, Ramirez, and Cirone, Taylor's purported knowledge of overdetention, broadly speaking, does not equate to knowledge of "[a] pattern of similar constitutional violations" due to specific deficiencies in *his* individual policies. *See Porter*, 659 F.3d at 447. [1] For these reasons, Appellees failed to establish that Taylor's actions violated

---

[1] Appellees contend that Taylor does not challenge the district court's finding of deliberate indifference as to the pattern of similar constitutional violations, arguing that Taylor presented but failed to brief this argument, citing *Ramirez v. Escajeda*, 921 F.3d 497, 500 (5th Cir. 2019). Appellees' Br. 40. Taylor *does* challenge the district court's finding and has clearly argued the complaint's allegations do not show Taylor violated clearly established law. In *Ramirez*, the plaintiff styled his appeal as a challenge to denial of qualified immunity, but his interlocutory appeal challenged the district court's denial of his motion to dismiss for failure to state a claim. *Id.* Because "he [made] no attempt to show that, taking well-pleading facts as true, he did not violate [Plaintiff's] clearly established rights," this Court correctly held he had abandoned the issue of whether the district court erred in denying qualified immunity. *Id.* Here, Taylor extensively briefed the district court's finding of deliberate indifference, and why it was

'clearly established statutory or constitutional rights of which a reasonable person would have known" *Pearson*, 555 U.S. at 236.

> **B. The complaint does not sufficiently allege the *specific* policies Gonzalez, Ramirez, and Cirone implemented that purportedly resulted in delayed release or that they had knowledge that *their* specific policies caused the overdetentions.**

Appellees assert that "[e]ach Appellant caused or contributed to the [Appellees'] overdetention and acted with deliberate indifference by failing to adopt policies that would have ensured the [Appellees'] timely release." Appellees' Br. 37. Appellees further assert that "[e]ach Appellant was responsible for designing and implementing policies governing one segment of the lengthy release process..." and "[e]ach Appellant failed to adopt policies that would have ensured that their subordinates processed release paperwork in a timely manner after it was received." Appellees' Br. 37-38. Additionally, Appellees claim that Gonzalez, Ramirez, and Cirone "ignore" *Parker v. LeBlanc*, 73 F.4th 400 (5th Cir. 2023). Appellees' Br. 41.

---

error. Appellants' Br. 26-37. Taylor's argument emphasized the stringent standard of fault for deliberate indifference, and that Appellees were required to show that Taylor disregarded a known or obvious consequence of *his* actions but did not do so. This same argument applies to both direct and supervisory theories of liability and was addressed in Appellants' brief. Appellants' Br. 38-46. "A party forfeits an argument ... by failing to adequately brief the argument [in its opening brief] on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). "To be adequate, a brief must address the district court's analysis and explain how it erred." *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023). This Court has held that briefing was adequate, even if "sparse," when it "include[d] the standard of review, discusse[d] applicable law, and explain[ed] how [the appellant] believe[d] the district court erred." *United States v. Teijeiro*, 79 F.4th 387, 394 n.1 (5th Cir. 2023). This issue has been adequately briefed in Appellants' brief, so Taylor has not forfeited this argument.

For similar reasons *Hicks* and *Crittindon* are unpersuasive, *Parker* is also not instructive here. Parker sued DPSC Secretary LeBlanc and alleged he implemented deficient policies evinced by a pattern of similar constitutional violations by untrained employees, citing his knowledge of an October 2017 legislative audit report on the DPSC, a 2018 editorial published in the newspaper, and testimony by DPSC employees admitting to rampant over-detention. *Parker*, 73 F.4th at 405. Clearly, this satisfied the causal connection between LeBlanc's wrongful conduct and Parker's overdetention because this was a pattern of *similar* violations by <u>DPSC</u> employees, putting him on notice of *his* failure as <u>DPSC</u> Secretary to adopt policies with respect to training. However, *Parker* acknowledged that "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights," citing *Connick*, 563 U.S. at 62. *Id.* The same knowledge of a specific deficiency in the failure to adopt policies is required to find Gonzalez, Ramirez, and Cirone liable for failure to adopt policies.

Instead, Appellees and the district court rely only on Gonzalez, Ramirez, and Cirone's alleged general knowledge of overdetention within the *entire* OLS system, not any knowledge of specific deficiencies in *their* individual policies at TDCJ's Briscoe and Segovia units. Unlike the Louisiana DPSC, the OLS system described by Appellees involves multiple separate entities and officials, including Sheriff Martinez, Val Verde County, Sheriff Coe, Kinney County, Taylor, Recana, the Kinney County Clerk, TDCJ,

and Gonzalez, Ramirez, and Cirone. Moreover, Appellees allege that each individual and/or entity had their own role in the release process. ROA.27, 35-36, 44-49. Notably, the complaint fails to allege any facts that Ruiz de la Cruz[2], Soto Altamirano and Soto Hernandez, and Garces Robles' paperwork was delayed once received by Gonzalez, Ramirez, and Cirone. ROA.38-43. Appellees blame Gonzalez, Ramirez, and Cirone for no other reason but their roles as TDCJ wardens, which is insufficient.

Knowledge of overdetention, broadly speaking, does not equate to Gonzalez, Ramirez, or Cirone's knowledge that *their* failure to adopt policies would result in constitutional violations. *See Porter*, 659 F.3d at 447. The burden was on Appellees to show Gonzalez, Ramirez, or Cirone's notice of "[a] pattern of similar constitutional violations" due to *their* deficient policies, which would have permitted the inference that they deliberately chose policies causing violations of constitutional rights *and* there must have been an "obvious" causal link between the failure to adopt a *particular* policy and that same constitutional violation. *Id.* at 446-447.

Appellees' failure to allege any *specific* policy that Gonzalez, Ramirez, and Cirone created or implemented, or failed to create or implement, does not satisfy the heightened pleading standard to state a claim against them in their individual capacities.

---

[2] In fact, Ruiz de la Cruz specifically alleges that Alvarado—a separately named defendant in this case—did not stamp his paperwork and file it for the record until 14 days after his plea was entered on January 12, 2022. ROA.42, 46. Alvarado is the first step in the release process; meaning the overdetention occurred because the paperwork was not timely sent to Gonzalez, not because Gonzalez failed to act promptly after receiving notice of the need to release Ruiz de la Cruz. ROA.46.

*Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996) (requiring the plaintiff to allege specific facts giving rise to a constitutional violation); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (holding a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts"). This failure alone warrants reversal of the district court's denial of qualified immunity to Gonzalez, Ramirez, and Cirone.

## II. The district court erred in denying qualified immunity to Appellants by relying on generalized propositions of law or failing to separately address each individual's qualified immunity claim.

### A. Appellees did not defeat Taylor's qualified immunity defense with the requisite "equal specificity."

"[C]learly established law should not be defined at a high level of generality," but must instead be "particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017). The court must "frame the constitutional question with specificity and granularity." *Morrow v. Meachum*, 917 F.3d 870, 874–75 (5th Cir. 2019). To pierce qualified immunity, plaintiffs are required to point to "a case or body of relevant case law in which an officer acting under similar circumstances was held to have violated the Constitution." *Batyukova v. Doege*, 994 F.3d 717, 726 (5th Cir. 2021) (cleaned up). A "generalized proposition of law is not enough." *Rogers v. Jarrett*, 63 F.4th 971, 977 (5th Cir. 2023). Courts are also required to apply the modified motion-to-dismiss standard that governs in the context of qualified immunity. *See Jackson v. City of Hearne*, 959 F.3d

194, 201 (5th Cir. 2020) (holding the plaintiff has the burden of establishing a constitutional violation and overcoming a QI defense).

Because the district court found that Taylor violated Soto Hernandez's and Soto Altamirano's clearly established rights, it reasoned that the question was "whether [Taylor] acted objectively unreasonably." ROA.704-05. The district court then provided a conclusory analysis in its denial of qualified immunity to Taylor, stating that "Taylor had fair warning that his failure to act upon notice that Soto Hernandez and Soto Altamirano were being overdetained would result in their continued overdetentions" and "all of the individual Defendants, including Alvarado and Taylor, acted objectively unreasonably in failing to address the constitutionally deficient release policy for OLS detainees, which they knew was causing a pattern of overdetentions." ROA.705.

For reasons explained above, the district court's reliance on *Hicks*, *Crittindon*, and *Parker* is nothing more than reliance on generalized propositions of law. Neither Appellees nor the district court pointed to a case where an officer was held to have violated the constitution based on vague allegations substantially similar to those levied against Taylor. None of the alleged acts that warranted this Court's denial of qualified immunity in *Hicks*, *Crittindon*, or *Parker* are present here. In fact, Taylor's alleged actions closely mirror the claims dismissed in *Crittindon* rather than the claims that were permitted to move forward. 37 F.4th at 189 (finding no deliberate indifference where

there was no specific awareness that a particular individual was being overdetained or when an official responded promptly when learning of overdetention).[3]

As such, the district court erred in denying Taylor qualified immunity when it failed to hold Appellees to their burden to defeat Taylor's qualified immunity defense with "equal specificity." *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("plaintiff must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a [qualified immunity] defense with equal specificity.").

### B. The district court impermissibly analyzed the alleged conduct of Gonzalez, Ramirez, and Cirone on a group-wide basis.

Unsurprisingly, Appellees characterize the district court's analysis as "careful" and contend that Gonzalez, Ramirez, and Cirone "do not identify any specific error in the district court's analysis." Appellees' Br. 46. As discussed in Appellants' brief, the district court's analysis regarding Gonzalez, Ramirez, and Cirone was *not* careful because it did not separately address *each* individual's qualified immunity claims as required. *See Darden v. City of Fort Worth*, 880 F.3d 722, 731 (5th Cir. 2018) ("In cases where the defendants have not acted in unison, qualified immunity claims should be addressed

---

[3] Appellees argue that any action taken by Taylor in response to the October 26, 2021, contact from Appellees' attorney does not "excuse or remedy his earlier failure to act." Appellees' Br. 54. But there is no reasonable inference that Taylor received the September 14, 2021, letter. There is also no reasonable inference that Taylor refused to act prior to being contacted by Soto Hernandez and Soto Altamirano's attorney. His actions on October 26, 2021, after learning of Soto Hernandez and Soto Altamirano's overdetention, directly go to his prompt response and demonstrate that he was not deliberately indifferent.

separately for each individual defendant."); *see also Joseph v. Bartlett*, 981 F.3d 319, 325 & n.7 (5th Cir. 2020) ("To the extent [*Darden*] could be read as suggesting that collective analysis is appropriate for defendants acting in unison, we don't read it that way."). Appellants' Br. 46-47.

In discussing the individual Defendants' liability, the district court simply stated, "all of the individual Defendants, including Alvarado and Taylor, acted objectively unreasonably in failing to address the constitutionally deficient release policy for OLS detainees, which they knew was causing a pattern of overdetentions." ROA.705. The district court grouped *all* Defendants together, without saying anything about Gonzalez, Ramirez, or Cirone. Appellees assert that the district court spent several pages detailing each Appellant's specific role and analyzing their immunity defenses, citing ROA.685-689, 703-705. Appellees' Br. 46. But that is not what the district court did.

The district court merely recounted the complaint's factual allegations. ROA.685-689. Simply restating Appellee's allegations, which Appellants have demonstrated are insufficient to deny qualified immunity, with no subsequent application to case law or established precedent, is meaningless. The district court indisputably did not analyze Gonzalez, Ramirez, and Cirone's qualified immunity defenses. Indeed, the portion of the opinion Appellees' point to, ROA.703-705, never once mentions Gonzalez, Ramirez, or Cirone by name. The only specific Defendants referenced are Alvarado and Taylor. ROA.703-705. Because the district court did not

properly analyze each individual's qualified immunity entitlement, the district court wrongly denied qualified immunity to Gonzalez, Ramirez, and Cirone.

Moreover, even if the district court had separately analyzed each individual's entitlement to qualified immunity, it nevertheless would not have been able to deny qualified immunity to Gonzalez, Ramirez, and Cirone. Once a state official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Kovacic*, 628 F.3d at 211. As explained above, Gonzalez, Ramirez, and Cirone did not violate Appellees' constitutional rights. Their actions also did not violate clearly established law and were not objectively unreasonable. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

Although there is a clearly established right to be timely released from prison, that legal conclusion alone is insufficient to pierce qualified immunity. *Morrow*, 917 F.3d at 874–75 (noting the court must "frame the constitutional question with specificity and granularity."). "[C]learly established law should not be defined at a high level of generality," but must instead be "particularized to the facts of the case." *White*, 137 S. Ct. at 552. The complaint does not point to a common cause as the source of Appellees' overdetention. Rather, each individual alleges their own set of circumstances, unrelated to Gonzalez, Ramirez, and Cirone.

While the complaint alleged that Gonzalez, Ramirez, and Cirone knew of overdetention in general, the complaint does not allege they each had subjective knowledge that their respective policies caused the overdetention or that they had the

ability to adopt policies to cure the alleged deficiencies yet purposefully chose not to do so. "[T]he Supreme Court in *Connick* required that only very similar violations could jointly form a pattern." *See Jason v. Tanner*, 938 F.3d 191, 198 (5th Cir. 2019). There is no clear pattern demonstrated by Appellees' complaint; to the contrary, each alleges a variation of what and who allegedly caused their overdetention.

Even now, Appellees fail to point to a case where an officer was held to have violated the constitution based on the same vague allegations levied against Cirone, Ramirez, and Gonzalez. *See Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (holding the plaintiff must show that the law "sufficiently clear" at that time "that every reasonable official would have understood that what he [was] doing violate[d] that right."). Appellees attempt to show that *Hicks*, *Crittindon* and *Parker* adequately meet this standard, but they do not because no officials were acting under "similar circumstances" as Cirone, Ramirez, and Gonzalez when this Court found them to have violated the Constitution. For these reasons, the district court incorrectly denied qualified immunity as to Cirone, Ramirez, and Gonzalez.

### III. Qualified Immunity is binding precedent.

Appellees argue that the plain text of Section 1983 does not support qualified immunity. Appellees' Br. 55-58. Appellees present this argument "in the alternative and to preserve the issue for further review." Appellees' Br. 58. As Appellees recognize, this Court has explicitly foreclosed this argument, stating "[o]nly th[e] [Supreme] Court can definitively grapple with § 1983's enacted text and decide whether it means what it

says—and what, if anything, that means for § 1983 immunity jurisprudence," and the Court has not done so. *Hankins v. Wheeler*, 109 F.4th 839, 845 (5th Cir. 2024) (citing *Rogers*, 63 F.4th at 981). Because the Supreme Court has not overturned qualified immunity, this Court should not acknowledge Appellees' alternative argument.

## CONCLUSION

The district court's decision should be reversed.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2798 | FAX: (512) 320-0667
marlayna.ellis@oag.texas.gov

*Counsel for Defendants-Appellants Taylor, Gonzalez, Ramirez, and Cirone*

## CERTIFICATE OF SERVICE

On February 11, 2025, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

*/s/ Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

I certify that this brief was prepared with Microsoft Word and uses Garamond, which is a proportionally spaced typeface, in 14-point height for body text and 12-point text for footnotes. I further certify that the portions of the brief subject to Fed. R. App. P. contain 4,103 words, as determined by Word's word-count function.

*/s/ Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
Assistant Attorney General